Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs Novo Nordisk Inc.*
*and Novo Nordisk A/S*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVO NORDISK INC. and<br>NOVO NORDISK A/S,<br><br>        Plaintiffs,<br><br>        v.<br><br>APOTEX INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk"), for

their Complaint against Defendant Apotex Inc. ("Apotex"), allege as follows:

### THE PARTIES

1.      Plaintiff Novo Nordisk Inc. is a corporation organized and existing under the laws

of the State of Delaware, having its principal place of business at 800 Scudders Mill Road,

Plainsboro, New Jersey 08536.

2.      Plaintiff Novo Nordisk A/S is an entity organized and existing under the laws of the Kingdom of Denmark, having its principal place of business at Novo Allé, 2880 Bagsvaerd, Denmark.  Novo Nordisk Inc. is an indirect, wholly owned subsidiary of Novo Nordisk A/S.

3.      On information and belief, Apotex is a corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, North York, Toronto, M9L 1T9.  On information and belief, Apotex is in the business of making and selling generic pharmaceutical products, which it distributes in the State of New Jersey and throughout the United States.

### NATURE OF THE ACTION

4.      This action arises under the patent laws of the United States, Title 35, United States Code, § 100 *et seq.*, including 35 U.S.C. §§ 271(a), (b), (c), and (e), arising from Apotex's submission of Abbreviated New Drug Application No. 221537 ("Apotex's ANDA") to the United States Food and Drug Administration ("FDA"), by which Apotex seeks approval of a generic version of Novo Nordisk's pharmaceutical product WEGOVY® (semaglutide) tablets, 1.5 mg, 4 mg, and 9 mg ("WEGOVY® tablets"), prior to the expiration of United States Patent Nos. 9,278,123 (the "'123 Patent"); 10,278,923 (the "'923 Patent"); 11,033,499 (the "'499 Patent"); 11,382,957 (the "'957 Patent"); 11,833,248 (the "'248 Patent"); 12,239,739 (the "'739 Patent"); and 12,396,953 (the "'953 Patent") (collectively, the "Asserted Patents"), attached hereto as Exhibits 2–8, which cover, *inter alia*, WEGOVY® tablets and/or their use.

5.      Novo Nordisk A/S is the owner of all rights, title, and interest in the Asserted Patents.

6.      Novo Nordisk Inc. is the holder of New Drug Application No. 218316 ("Novo Nordisk's NDA"), encompassing WEGOVY® tablets, which Novo Nordisk Inc. sells under the

trade name WEGOVY®. Novo Nordisk Inc. holds the exclusive right to sell, distribute, and market WEGOVY® tablets in the United States.

7.      The Asserted Patents are listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") in connection with WEGOVY® tablets and the related NDA.

## NOVO NORDISK'S WEGOVY® TABLETS

8.      The Prescribing Information for WEGOVY® tablets (the "WEGOVY® Label"), attached hereto as Exhibit 1, states that "WEGOVY is a glucagon-like peptide-1 (GLP-1) receptor agonist" and "WEGOVY tablets are indicated in combination with a reduced calorie diet and increased physical activity" "[t]o reduce the risk of major adverse CV events (CV death, non-fatal myocardial infarction, or non-fatal stroke) in adults with established CV disease and either obesity or overweight" and "[t]o reduce excess body weight and maintain weight reduction long term in adults with obesity, or in adults with overweight in the presence of at least one weight-related comorbid condition." Ex. 1 at 1.

9.       WEGOVY® tablets are for oral use, to be administered once daily. Each tablet of WEGOVY® contains 1.5 mg, 4 mg, 9 mg, or 25 mg of semaglutide. Ex. 1 at 1.

10.     The WEGOVY® Label instructs that WEGOVY® tablets should be administered according to a dose escalation schedule that includes initiating a dosage of 1.5 mg of semaglutide once daily for 30 days, increasing the dosage to 4 mg once daily for the next 30 days, then increasing the dosage to 9 mg once daily for the next 30 days, and then increasing the dosage to 25 mg once daily. Ex. 1 at 3.

11.     The active ingredient in WEGOVY® tablets is semaglutide, which has the following structure:

Figure 1. Structural Formula of Semaglutide

Ex. 1 at 8.

12.     The WEGOVY® Label states that the half-life of semaglutide is approximately one week.  Ex. 1 at 8.

13.     The WEGOVY® Label lists the following as inactive ingredients in WEGOVY® tablets: "magnesium stearate and salcaprozate sodium (SNAC)."  Ex. 1 at 8.

**APOTEX'S ANDA AND PARAGRAPH IV CERTIFICATION**

14.     On information and belief, Apotex submitted Apotex's ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), *i.e.*, 21 U.S.C. § 355(j), seeking approval to commercially manufacture, use, sell, offer to sell, distribute, and/or import a generic version of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), for oral administration pursuant to Apotex's ANDA ("Apotex's ANDA Product").

15.     On information and belief, following any FDA approval of Apotex's ANDA, Apotex will manufacture, use, sell, offer to sell, distribute, and/or import Apotex's ANDA Product throughout the United States, including within New Jersey.

4

16.    On information and belief, Apotex's ANDA refers to and relies upon Novo Nordisk's NDA and contains data that, according to Apotex, demonstrate the bioequivalence of Apotex's ANDA Product and WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

17.    On information and belief, Apotex made and included in Apotex's ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Paragraph IV Certification") that, in its opinion and to the best of its knowledge, the claims of six of the Asserted Patents, which are all listed in FDA's Orange Book in connection with WEGOVY® tablets and the related NDA, are invalid and/or not infringed.

18.    On information and belief, Apotex made and included in Apotex's ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(III) (the "Paragraph III Certification") that it will not launch its ANDA Product prior to the expiration of U.S. Patent Nos. 8,129,343 and 8,536,122, which are also listed in FDA's Orange Book in connection with WEGOVY® tablets and the related NDA.

19.    Novo Nordisk received written notice of Apotex's ANDA and Paragraph IV Certification as to six of the Asserted Patents (the "Notice Letter"), dated April 29, 2026, along with an enclosed statement that is required to state all the factual and legal bases for Apotex's contention that the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Product allegedly will not infringe any valid claim of the patents that Apotex included in its Paragraph IV Certification and/or that the claims of such patents are invalid and/or unenforceable (the "Detailed Statement"). Apotex's Detailed Statement, however, does not allege or provide any factual or legal bases to assert that any of the patents identified in the Notice Letter are unenforceable. Nor does it allege or provide any factual or legal bases to

assert that all claims of the patents identified in the Notice Letter are not infringed by any of the dosage strengths of Apotex's ANDA Product apart from a challenge to the validity of such claims.

20.     This action is being commenced within 45 days of receipt of the Notice Letter.

21.     Apotex has infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by filing Apotex's ANDA, including any amendments or supplements thereof, seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, and/or import into the United States Apotex's ANDA Product before the expiration of the Asserted Patents, including any extensions thereof.

22.     Apotex will infringe one or more claims of the Asserted Patents under 35 U.S.C. §§ 271(a), (b), and/or (c) should Apotex engage in, induce, and/or contribute to the commercial manufacture, use, offer for sale, sale, distribution in, and/or importation into the United States of Apotex's ANDA Product before the expiration of the Asserted Patents, including any extensions thereof.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24.     This Court has personal jurisdiction over Defendant Apotex by virtue of, *inter alia*, its presence in New Jersey; having conducted business in New Jersey; having derived revenue from conducting business in New Jersey; having previously consented to personal jurisdiction in this Court (*see, e.g.*, *Novo Nordisk Inc. v. Apotex Inc.*, No. 24-cv-9729 (D.N.J.); *Amgen Inc. v. Apotex Inc.*, No. 22-cv-03827 (D.N.J.); *Supernus Pharms., Inc. v. Apotex Inc.*, No. 22-cv-00322 (D.N.J.); *Takeda Pharms. Am., Inc. v. Apotex Inc.*, No. 21-cv-12998 (D.N.J.); *Celgene Corp. v. Apotex Inc.*, No. 19-cv-05806 (D.N.J.); *Celgene Corp. v. Apotex Inc.*, No. 18-cv-16395 (D.N.J.); *Celgene Corp. v. Hetero Labs Ltd.*, No. 17-cv-03387 (D.N.J.); *Mitsubishi Tanabe Pharma Corp.*

6

*v. Apotex Inc.*, No. 17-cv-05278 (D.N.J.); *AstraZeneca AB v. Apotex Corp.*, No. 15-cv-08492 (D.N.J.); *Bausch & Lomb Inc. v. Apotex Inc.*, No. 15-cv-03879 (D.N.J.); *Novartis Pharm. Corp. v. Apotex Inc.*, No. 15-cv-03634 (D.N.J.); *Merck Sharp & Dohme Corp. v. Apotex Inc.*, No. 15-cv-02384 (D.N.J.); *Patheon Softgels Inc. v. Apotex Inc.*, No. 17-cv-13819 (D.N.J.); *Dexcel Pharma Techs. Ltd. v. Apotex Corp.*, No. 17-cv-02423 (D.N.J.); *Boehringer Ingelheim Pharms., Inc. v. Apotex Inc.*, No. 18-cv-11350 (D.N.J.)); and having taken advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see, e.g.*, *Novo Nordisk Inc. v. Apotex Inc.*, No. 24-cv-9729 (D.N.J.); *see also Apotex Inc. v. Shire LLC*, No. 08-cv-03598 (D.N.J.); *Apotex Inc. v. Pharm. Res., Inc.*, No. 06-cv-01153 (D.N.J.)).

25.    On information and belief, Apotex intends to commercially manufacture, sell, offer to sell, use, distribute and/or import Apotex's ANDA Product, directly or indirectly, throughout the United States and in this District.  On information and belief, if FDA approves the ANDA, the ANDA Product will, among other things, be marketed, distributed and sold in New Jersey, and/or prescribed by physicians practicing within New Jersey and/or dispensed by pharmacies located in New Jersey, all of which will have a substantial effect on New Jersey.  Apotex's filing of Apotex's ANDA confirms this intention and further subjects Apotex to the specific personal jurisdiction of this Court.

26.    Apotex is a foreign corporation that is not resident in the United States.  Thus, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

### THE PATENTS-IN-SUIT

**U.S. Patent No. 9,278,123**

27.    The allegations above are incorporated herein by reference.

28.    Novo Nordisk A/S is the owner of all rights, title, and interest in the '123 Patent, entitled "Solid Compositions Comprising a GLP-1 Agonist and a Salt of N-(8-(2-

7

Hydroxybenzoyl)Amino)Caprylic Acid."   The United States Patent and Trademark Office ("USPTO") duly and legally issued the '123 Patent on March 8, 2016.  The '123 Patent names Per Sauerberg, Simon Bjerregaard, and Flemming Seier Nielsen as inventors.  All named inventors assigned the '123 Patent to Novo Nordisk A/S.  Novo Nordisk has the right to enforce the '123 Patent and sue for infringement thereof.  A true and correct copy of the '123 Patent is attached to this Complaint as Exhibit 2.

29.     The '123 Patent claims, among others, a solid composition for oral administration, comprising 5 to 20 mg of semaglutide and a salt of N-(8-(2-hydroxybenzoyl)amino)caprylic acid.

**U.S. Patent No. 10,278,923**

30.     The allegations above are incorporated herein by reference.

31.     Novo Nordisk A/S is the owner of all rights, title, and interest in the '923 Patent, entitled "Oral Dosing of GLP-1 Compounds."  The USPTO duly and legally issued the '923 Patent on May 7, 2019.  The '923 Patent names Flemming S. Nielsen and Per Sauerberg as inventors. All named inventors assigned the '923 Patent to Novo Nordisk A/S.  Novo Nordisk has the right to enforce the '923 Patent and sue for infringement thereof.  A true and correct copy of the '923 Patent is attached to this Complaint as Exhibit 3.

32.     The '923 Patent claims, among others, a method for treating diabetes and/or obesity in a subject in need of such treatment, comprising orally administering to said subject a therapeutically effective amount of a solid oral dosage form composition comprising a GLP-1 peptide that is from a group including semaglutide and has a plasma half-life in humans of at least 60 hours, an enhancer that is a salt of N-(8-(2-hydroxybenzoyl)amino)caprylic acid, and wherein the composition is administered such that the ratio between the plasma half-life in days in humans of the GLP-1 peptide and the dosing interval in days of said composition is more than 2:1.

**U.S. Patent No. 11,033,499**

33.    The allegations above are incorporated herein by reference.

34.    Novo Nordisk A/S is the owner of all rights, title, and interest in the '499 Patent, entitled "Tablet Formulation Comprising a GLP-1 Peptide and a Delivery Agent."  The USPTO duly and legally issued the '499 Patent on June 15, 2021.  The '499 Patent names Simon Bjerregaard Jensen, Per Sauerberg, Flemming S. Nielsen, Betty L. Pedersen, and Erik Skibsted as inventors.  All named inventors assigned the '499 Patent to Novo Nordisk A/S.  Novo Nordisk has the right to enforce the '499 Patent and sue for infringement thereof.  A true and correct copy of the '499 Patent is attached to this Complaint as Exhibit 4.

35.    The '499 Patent claims, among others, a tablet comprising a granulate comprising no more than 15% (w/w) GLP-1 peptide, wherein the GLP-1 peptide is a peptide; and at least 50% (w/w) salt of NAC; wherein said tablet has a bulk density of at least 1.0 g/cm$^3$, a median pore diameter of no more than 1.5 μm, and a feature selected from the group consisting of a maximum pore diameter of no more than 4 μm, a crushing strength of 50–400 N, and a disintegration time of 22 minutes or less.

**U.S. Patent No. 11,382,957**

36.    The allegations above are incorporated herein by reference.

37.    Novo Nordisk A/S is the owner of all rights, title, and interest in the '957 Patent, entitled "Solid Compositions Comprising a GLP-1 Agonist and a Salt of N-(8-(2-Hydroxybenzoyl)Amino)Caprylic Acid."  The USPTO duly and legally issued the '957 Patent on July 12, 2022.  The '957 Patent names Per Sauerberg, Simon Bjerregaard, and Flemming Seier Nielsen as inventors.  All named inventors assigned the '957 Patent to Novo Nordisk A/S.  Novo Nordisk has the right to enforce the '957 Patent and sue for infringement thereof.  A true and correct copy of the '957 Patent is attached to this Complaint as Exhibit 5.

38.     The '957 Patent claims, among others, a solid composition for oral administration comprising a GLP-1 agonist, a salt of N-(8-(2-hydroxybenzoyl)amino)caprylic acid, and at least one excipient selected from the group consisting of a lubricant, binder, and filler, wherein the GLP-1 agonist is semaglutide, and wherein the composition comprises at least 60% (w/w) of said salt of N-(8-(2-hydroxybenzoyl)amino)caprylic acid.

**U.S. Patent No. 11,833,248**

39.     The allegations above are incorporated herein by reference.

40.     Novo Nordisk A/S is the owner of all rights, title, and interest in the '248 Patent, entitled "Solid Compositions Comprising a GLP-1 Agonist and a Salt of N-(8-(2-Hydroxybenzoyl)Amino)Caprylic Acid."  The USPTO duly and legally issued the '248 Patent on December 5, 2023.  The '248 Patent names Betty Lomstein Pedersen and Birgitte Nissen as inventors.  All named inventors assigned the '248 Patent to Novo Nordisk A/S.  Novo Nordisk has the right to enforce the '248 Patent and sue for infringement thereof.  A true and correct copy of the '248 Patent is attached to this Complaint as Exhibit 6.

41.     The '248 Patent claims, among others, a pharmaceutical composition consisting essentially of semaglutide, magnesium stearate, and SNAC, wherein the pharmaceutical composition comprises 2–5 mg of the magnesium stearate per 100 mg of the SNAC; and wherein the pharmaceutical composition does not comprise a binder or filler.

**U.S. Patent No. 12,239,739**

42.     The allegations above are incorporated herein by reference.

43.     Novo Nordisk A/S is the owner of all rights, title, and interest in the '739 Patent, entitled "Oral Dosing of GLP-1 Compounds."  The USPTO duly and legally issued the '739 Patent on March 4, 2025.  The '739 Patent names Flemming S. Nielsen and Per Sauerberg as inventors.  All named inventors assigned the '739 Patent to Novo Nordisk A/S.  Novo Nordisk has the right

to enforce the '739 Patent and sue for infringement thereof.  A true and correct copy of the '739 Patent is attached to this Complaint as Exhibit 7.

44.     The '739 Patent claims, among others, a method for treating type 2 diabetes and/or reducing body weight in a subject in need of such treatment, comprising orally administering to the subject a therapeutically effective amount of a solid oral dosage form composition comprising a glucagon-like peptide-1 (GLP-1) peptide and an enhancer, wherein the GLP-1 peptide is semaglutide and the enhancer is SNAC, semaglutide is the only GLP-1 peptide administered, the composition is administered daily for a period of 70 days, and the variability in plasma exposure of semaglutide is reduced when compared to a single dose of semaglutide.

**U.S. Patent No. 12,396,953**

45.     The allegations above are incorporated herein by reference.

46.     Novo Nordisk A/S is the owner of all rights, title, and interest in the '953 Patent, entitled "Solid Compositions Comprising a GLP-1 Agonist and a Salt of N-(8-(2-Hydroxybenzoyl)Amino)Caprylic Acid."  The USPTO duly and legally issued the '953 Patent on August 26, 2025.  The '953 Patent names Betty Lomstein Pedersen and Birgitte Nissen as inventors.  All named inventors assigned the '953 Patent to Novo Nordisk A/S.  Novo Nordisk has the right to enforce the '953 Patent and sue for infringement thereof.  A true and correct copy of the '953 Patent is attached to this Complaint as Exhibit 8.

47.     The '953 Patent claims, among others, a pharmaceutical composition comprising semaglutide, SNAC, and magnesium stearate, wherein the semaglutide is in the amount of 0.2 to 100 mg, and wherein the composition comprises 2–5 mg of the magnesium stearate per 100 mg of the SNAC, and wherein the SNAC is at least 95% (w/w) of the excipients of the composition.

11

## COUNT I
## (INFRINGEMENT OF THE '123 PATENT)

48.   The allegations above are incorporated herein by reference.

49.   Apotex submitted Apotex's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '123 Patent, including any extensions thereof.

50.   The Notice Letter states that Apotex's ANDA was submitted to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '123 Patent.  The Notice Letter represents that Apotex's ANDA was submitted with a Paragraph IV Certification that the '123 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, sale, offer for sale, and/or importation of the drug products" described in Apotex's ANDA.

51.   The '123 Patent is listed in the Orange Book for WEGOVY® tablets (9 mg).

52.   Apotex has actual knowledge of the '123 Patent.

53.   The WEGOVY® Label provides that WEGOVY® tablets are for oral use.

54.   The WEGOVY® Label identifies the active ingredient as semaglutide and the inactive ingredients as SNAC and magnesium stearate for WEGOVY® tablets.

55.   The WEGOVY® Label states that each tablet of WEGOVY® (9 mg) contains 9 mg of semaglutide.

56.   WEGOVY® tablets (9 mg) are covered by at least claim 9 of the '123 Patent.

57.   Thus, any corresponding generic semaglutide tablets are covered by at least claim 9 of the '123 Patent.

58.   On information and belief, Apotex's ANDA essentially copies the WEGOVY® Label and the WEGOVY® tablet composition, including as required by FDA, *see* 21 C.F.R.

§§ 314.94(a)(5), 314.94(a)(8)(iv), and as such, the composition of Apotex's ANDA Product (9 mg) is identical or substantially identical to that of WEGOVY® tablets (9 mg).

59.  On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product (9 mg) has the same strength as WEGOVY® tablets (9 mg), *see* 21 C.F.R. § 314.94(a)(6), and as such, the composition of Apotex's ANDA Product (9 mg) is identical or substantially identical to that of WEGOVY® tablets (9 mg).

60.  On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product (9 mg) is bioequivalent to WEGOVY® tablets (9 mg), *see* 21 C.F.R. § 314.94(a)(7), and as such, the composition of Apotex's ANDA Product (9 mg) is identical or substantially identical to that of WEGOVY® tablets (9 mg).

61.  Apotex has infringed at least claim 9 of the '123 Patent under 35 U.S.C. § 271(e)(2)(A) by its submission of Apotex's ANDA to FDA seeking to obtain approval for Apotex's ANDA Product (9 mg), which is covered by at least claim 9 of the '123 Patent, before the expiration of the '123 Patent.

62.  On information and belief, if Apotex's ANDA is approved, Apotex will make, use, offer for sale, sell, distribute, and/or import Apotex's ANDA Product (9 mg) in a manner that would directly infringe at least claim 9 of the '123 Patent under 35 U.S.C. § 271(a).

63.  Novo Nordisk seeks an order requiring that Apotex amend its Paragraph IV Certification in Apotex's ANDA to a Paragraph III Certification as to the '123 Patent, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3).

64.  Novo Nordisk seeks an order declaring that Apotex has infringed at least claim 9 of the '123 Patent by submitting Apotex's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

65.     Novo Nordisk seeks an order declaring that Apotex will infringe at least claim 9 of the '123 Patent by commercially manufacturing, using, offering to sell, selling, distributing, and/or importing Apotex's ANDA Product (9 mg) before the expiration of the '123 Patent under 35 U.S.C. § 271(a).

66.     Novo Nordisk seeks an order, pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA be a date that is not earlier than the expiration of the '123 Patent or any later expiration of extensions, adjustments, and exclusivities for the '123 Patent to which Novo Nordisk becomes entitled.

67.     Novo Nordisk will be irreparably harmed if Apotex is not enjoined from infringing at least claim 9 of the '123 Patent.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, Novo Nordisk is entitled to a permanent injunction against further infringement.  Novo Nordisk does not have an adequate remedy at law.

68.     On information and belief, Apotex's Detailed Statement setting forth the purported factual and legal bases for its opinion regarding infringement and validity of the '123 Patent is devoid of an objective good faith basis in the facts or the law.

69.     This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

70.     To the extent Apotex commercializes Apotex's ANDA Product (9 mg) prior to the expiration of the '123 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. §§ 271(e)(4)(C) and 284.

**COUNT II**
**(INFRINGEMENT OF THE '923 PATENT)**

71.     The allegations above are incorporated herein by reference.

72.     Apotex submitted Apotex's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '923 Patent, including any extensions thereof.

73.     The Notice Letter states that Apotex's ANDA was submitted to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '923 Patent.  The Notice Letter represents that Apotex's ANDA was submitted with a Paragraph IV Certification that the '923 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, sale, offer for sale, and/or importation of the drug products" described in Apotex's ANDA.

74.     The '923 Patent is listed in the Orange Book for WEGOVY® tablets.

75.     Apotex has actual knowledge of the '923 Patent.

76.     The WEGOVY® Label identifies the active ingredient as semaglutide and the inactive ingredients as SNAC and magnesium stearate for WEGOVY® tablets.

77.     The WEGOVY® Label instructs physicians, prescribers, and/or patients that WEGOVY® tablets are to be administered once daily by oral tablet.

78.     The WEGOVY® Label instructs physicians, prescribers, and/or patients that "WEGOVY is a glucagon-like peptide-1 (GLP-1) receptor agonist" and "WEGOVY tablets are indicated in combination with a reduced calorie diet and increased physical activity" "[t]o reduce the risk of major adverse CV events (CV death, non-fatal myocardial infarction, or non-fatal stroke) in adults with established CV disease and either obesity or overweight" and "[t]o reduce excess body weight and maintain weight reduction long term in adults with obesity, or in adults with overweight in the presence of at least one weight-related comorbid condition."

15

79.     The WEGOVY® Label instructs physicians, prescribers, and/or patients to administer WEGOVY® tablets according to a dose escalation schedule that includes initiating a dosage of 1.5 mg of semaglutide once daily for 30 days, increasing the dosage to 4 mg once daily for the next 30 days, then increasing the dosage to 9 mg once daily for the next 30 days, and then increasing the dosage to 25 mg once daily.

80.     The WEGOVY® Label states that the half-life of semaglutide is approximately one week.

81.     The use of WEGOVY® tablets in accordance with the WEGOVY® label is covered by at least claim 14 of the '923 Patent.

82.     Thus, the use of any corresponding generic semaglutide tablets in accordance with the WEGOVY® Label is covered by at least claim 14 of the '923 Patent.

83.     On information and belief, Apotex's ANDA essentially copies the WEGOVY® Label, including as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, promotes, and/or suggests that physicians, prescribers, and/or patients infringe at least claim 14 of the '923 Patent.

84.     On information and belief, if Apotex's ANDA is approved, physicians, prescribers, and/or patients will follow the instructions in the proposed label for Apotex's ANDA Product and thereby infringe at least claim 14 of the '923 Patent.

85.     WEGOVY® tablets and any corresponding generic semaglutide tablets are not staple articles of commerce and have no substantial approved uses that do not infringe at least claim 14 of the '923 Patent.  On information and belief, Apotex's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 14 of the '923 Patent.

86.     Apotex has infringed at least claim 14 of the '923 Patent under 35 U.S.C. § 271(e)(2)(A) by its submission of Apotex's ANDA to FDA seeking to obtain approval for Apotex's ANDA Product, which is covered by at least claim 14 of the '923 Patent, before the expiration of the '923 Patent.

87.     On information and belief, if Apotex's ANDA is approved, Apotex will make, use, offer for sale, sell, distribute, and/or import Apotex's ANDA Product in a manner that, when used in accordance with the instructions of the proposed label for Apotex's ANDA Product, would directly infringe, induce infringement, and/or contribute to infringement of at least claim 14 of the '923 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

88.     Novo Nordisk seeks an order requiring that Apotex amend its Paragraph IV Certification in Apotex's ANDA to a Paragraph III Certification as to the '923 Patent, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3).

89.     Novo Nordisk seeks an order declaring that Apotex has infringed at least claim 14 of the '923 Patent by submitting Apotex's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

90.     Novo Nordisk seeks an order declaring that Apotex will infringe at least claim 14 of the '923 Patent by commercially manufacturing, using, offering to sell, selling, distributing, and/or importing Apotex's ANDA Product before the expiration of the '923 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

91.     Novo Nordisk seeks an order pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA be a date that is not earlier than the expiration of the '923 Patent or any later expiration of extensions, adjustments, and exclusivities for the '923 Patent to which Novo Nordisk becomes entitled.

17

92.    Novo Nordisk will be irreparably harmed if Apotex is not enjoined from infringing, actively inducing the infringement of, and/or contributing to the infringement of at least claim 14 of the '923 Patent.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, Novo Nordisk is entitled to a permanent injunction against further infringement.  Novo Nordisk does not have an adequate remedy at law.

93.    On information and belief, Apotex's Detailed Statement setting forth the purported factual and legal bases for its opinion regarding infringement and validity of the '923 Patent is devoid of an objective good faith basis in the facts or the law.

94.    This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

95.    To the extent Apotex commercializes Apotex's ANDA Product prior to the expiration of the '923 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. §§ 271(e)(4)(C) and 284.

## COUNT III
## (INFRINGEMENT OF THE '499 PATENT)

96.    The allegations above are incorporated herein by reference.

97.    Apotex submitted Apotex's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '499 Patent, including any extensions thereof.

98.    Apotex has infringed one or more claims of the '499 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of Apotex's ANDA seeking approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '499 Patent.

99.    The '499 Patent is listed in the Orange Book for WEGOVY® tablets.

18

100.    Apotex has actual knowledge of the '499 Patent.

101.    The WEGOVY® Label provides that WEGOVY® tablets are for oral use.

102.    The WEGOVY® Label identifies the active ingredient as semaglutide and the inactive ingredients as SNAC and magnesium stearate for WEGOVY®.

103.    The WEGOVY® Label states that each tablet of WEGOVY® contains multiple dosage strengths, including dosage strengths with 1.5 mg, 4 mg, or 9 mg of semaglutide.

104.    WEGOVY® tablets are covered by at least claim 1 of the '499 Patent.

105.    Thus, any corresponding generic semaglutide tablets are covered by at least claim 1 of the '499 Patent.

106.    On information and belief, Apotex's ANDA essentially copies the WEGOVY® Label and the WEGOVY® tablet composition, including as required by FDA, *see* 21 C.F.R. §§ 314.94(a)(5), 314.94(a)(8)(iv), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

107.    On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product has the same strengths as WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R. § 314.94(a)(6), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

108.    On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product is bioequivalent to WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R. § 314.94(a)(7), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

109.    Apotex has infringed at least claim 1 of the '499 Patent under 35 U.S.C. § 271(e)(2)(A) by its submission of Apotex's ANDA to FDA seeking to obtain approval for

Apotex's ANDA Product, which is covered by at least claim 1 of the '499 Patent, before the expiration of the '499 Patent.

110.    On information and belief, if Apotex's ANDA is approved, Apotex will make, use, offer for sale, sell, distribute, and/or import Apotex's ANDA Product in a manner that would directly infringe at least claim 1 of the '499 Patent under 35 U.S.C. § 271(a).

111.    Novo Nordisk seeks an order requiring that Apotex amend any Paragraph IV Certification in Apotex's ANDA to a Paragraph III Certification as to the '499 Patent, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3).

112.    Novo Nordisk seeks an order declaring that Apotex has infringed at least claim 1 of the '499 Patent by submitting Apotex's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

113.    Novo Nordisk seeks an order declaring that Apotex will infringe at least claim 1 of the '499 Patent by commercially manufacturing, using, offering to sell, selling, distributing, and/or importing Apotex's ANDA Product before the expiration of the '499 Patent under 35 U.S.C. § 271(a).

114.    Novo Nordisk seeks an order, pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA be a date that is not earlier than the expiration of the '499 Patent or any later expiration of extensions, adjustments, and exclusivities for the '499 Patent to which Novo Nordisk becomes entitled.

115.    Novo Nordisk will be irreparably harmed if Apotex is not enjoined from infringing at least claim 1 of the '499 Patent.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, Novo Nordisk is entitled to a permanent injunction against further infringement.  Novo Nordisk does not have an adequate remedy at law.

116.    This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

117.    To the extent Apotex commercializes Apotex's ANDA Product prior to the expiration of the '499 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. §§ 271(e)(4)(C) and 284.

**COUNT IV**
**(INFRINGEMENT OF THE '957 PATENT)**

118.    The allegations above are incorporated herein by reference.

119.    Apotex submitted Apotex's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '957 Patent, including any extensions thereof.

120.    The Notice Letter states that Apotex's ANDA was submitted to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '957 Patent.  The Notice Letter represents that Apotex's ANDA was submitted with a Paragraph IV Certification that the '957 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, sale, offer for sale, and/or importation of the drug products" described in Apotex's ANDA.

121.    The '957 Patent is listed in the Orange Book for WEGOVY® tablets.

122.    Apotex has actual knowledge of the '957 Patent.

123.    The WEGOVY® Label provides that WEGOVY® tablets are for oral use.

124.    The WEGOVY® Label identifies the active ingredient as semaglutide and the inactive ingredients as SNAC and magnesium stearate for WEGOVY® tablets.

125.    The WEGOVY® Label states that each tablet of WEGOVY® contains multiple dosage strengths, including dosage strengths with 1.5 mg, 4 mg, or 9 mg of semaglutide.

126.    WEGOVY® tablets are covered by at least claim 1 of the '957 Patent.

127.    Thus, any corresponding generic semaglutide tablets are covered by at least claim 1 of the '957 Patent.

128.    On information and belief, Apotex's ANDA essentially copies the WEGOVY® Label and the WEGOVY® tablet composition, including as required by FDA, *see* 21 C.F.R. §§ 314.94(a)(5), 314.94(a)(8)(iv), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

129.    On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product has the same strengths as WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R. § 314.94(a)(6), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

130.    On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product is bioequivalent to WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R. § 314.94(a)(7), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

131.    Apotex has infringed at least claim 1 of the '957 Patent under 35 U.S.C. § 271(e)(2)(A) by its submission of Apotex's ANDA to FDA seeking to obtain approval for Apotex's ANDA Product, which is covered by at least claim 1 of the '957 Patent, before the expiration of the '957 Patent.

132.    On information and belief, if Apotex's ANDA is approved, Apotex will make, use, offer for sale, sell, distribute, and/or import Apotex's ANDA Product in a manner that would directly infringe at least claim 1 of the '957 Patent under 35 U.S.C. § 271(a).

133. Novo Nordisk seeks an order requiring that Apotex amend its Paragraph IV Certification in Apotex's ANDA to a Paragraph III Certification as to the '957 Patent, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3).

134. Novo Nordisk seeks an order declaring that Apotex has infringed at least claim 1 of the '957 Patent by submitting Apotex's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

135. Novo Nordisk seeks an order declaring that Apotex will infringe at least claim 1 of the '957 Patent by commercially manufacturing, using, offering to sell, selling, distributing, and/or importing Apotex's ANDA Product before the expiration of the '957 Patent under 35 U.S.C. § 271(a).

136. Novo Nordisk seeks an order, pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA be a date that is not earlier than the expiration of the '957 Patent or any later expiration of extensions, adjustments, and exclusivities for the '957 Patent to which Novo Nordisk becomes entitled.

137. Novo Nordisk will be irreparably harmed if Apotex is not enjoined from infringing at least claim 1 of the '957 Patent.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, Novo Nordisk is entitled to a permanent injunction against further infringement.  Novo Nordisk does not have an adequate remedy at law.

138. On information and belief, Apotex's Detailed Statement setting forth the purported factual and legal bases for its opinion regarding infringement and validity of the '957 Patent is devoid of an objective good faith basis in the facts or the law.

139. This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

140. To the extent Apotex commercializes Apotex's ANDA Product prior to the expiration of the '957 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. §§ 271(e)(4)(C) and 284.

## COUNT V
## (INFRINGEMENT OF THE '248 PATENT)

141. The allegations above are incorporated herein by reference.

142. Apotex submitted Apotex's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '248 Patent, including any extensions thereof.

143. The Notice Letter states that Apotex's ANDA was submitted to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '248 Patent. The Notice Letter represents that Apotex's ANDA was submitted with a Paragraph IV Certification that the '248 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, sale, offer for sale, and/or importation of the drug products" described in Apotex's ANDA.

144. The '248 Patent is listed in the Orange Book for WEGOVY® tablets.

145. Apotex has actual knowledge of the '248 Patent.

146. The WEGOVY® Label provides that WEGOVY® tablets are for oral use.

147. The WEGOVY® Label identifies the active ingredient as semaglutide and the inactive ingredients as SNAC and magnesium stearate for WEGOVY® tablets.

148. The WEGOVY® Label states that each tablet of WEGOVY® contains multiple dosage strengths, including dosage strengths with 1.5 mg, 4 mg, or 9 mg of semaglutide.

149. WEGOVY® tablets are covered by at least claim 1 of the '248 Patent.

150. Thus, any corresponding generic semaglutide tablets are covered by at least claim 1 of the '248 Patent.

151. On information and belief, Apotex's ANDA essentially copies the WEGOVY® Label and the WEGOVY® tablet composition, including as required by FDA, *see* 21 C.F.R. §§ 314.94(a)(5), 314.94(a)(8)(iv), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

152. On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product has the same strengths as WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R. § 314.94(a)(6), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

153. On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product is bioequivalent to WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R. § 314.94(a)(7), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

154. Apotex has infringed at least claim 1 of the '248 Patent under 35 U.S.C. § 271(e)(2)(A) by its submission of Apotex's ANDA to FDA seeking to obtain approval for Apotex's ANDA Product, which is covered by at least claim 1 of the '248 Patent, before the expiration of the '248 Patent.

155. On information and belief, if Apotex's ANDA is approved, Apotex will make, use, offer for sale, sell, distribute, and/or import Apotex's ANDA Product in a manner that would directly infringe at least claim 1 of the '248 Patent under 35 U.S.C. § 271(a).

156.    Novo Nordisk seeks an order requiring that Apotex amend its Paragraph IV Certification in Apotex's ANDA to a Paragraph III Certification as to the '248 Patent, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3).

157.    Novo Nordisk seeks an order declaring that Apotex has infringed at least claim 1 of the '248 Patent by submitting Apotex's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

158.    Novo Nordisk seeks an order declaring that Apotex will infringe at least claim 1 of the '248 Patent by commercially manufacturing, using, offering to sell, selling, distributing, and/or importing Apotex's ANDA Product before the expiration of the '248 Patent under 35 U.S.C. § 271(a).

159.    Novo Nordisk seeks an order, pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA be a date that is not earlier than the expiration of the '248 Patent or any later expiration of extensions, adjustments, and exclusivities for the '248 Patent to which Novo Nordisk becomes entitled.

160.    Novo Nordisk will be irreparably harmed if Apotex is not enjoined from infringing at least claim 1 of the '248 Patent.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, Novo Nordisk is entitled to a permanent injunction against further infringement.  Novo Nordisk does not have an adequate remedy at law.

161.    On information and belief, Apotex's Detailed Statement setting forth the purported factual and legal bases for its opinion regarding infringement and validity of the '248 Patent is devoid of an objective good faith basis in the facts or the law.

162.    This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

163.    To the extent Apotex commercializes Apotex's ANDA Product prior to the expiration of the '248 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. §§ 271(e)(4)(C) and 284.

## COUNT VI
## (INFRINGEMENT OF THE '739 PATENT)

164.    The allegations above are incorporated herein by reference.

165.    Apotex submitted Apotex's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '739 Patent, including any extensions thereof.

166.    The Notice Letter states that Apotex's ANDA was submitted to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '739 Patent.  The Notice Letter represents that Apotex's ANDA was submitted with a Paragraph IV Certification that the '739 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, sale, offer for sale, and/or importation of the drug products" described in Apotex's ANDA.

167.    The '739 Patent is listed in the Orange Book for WEGOVY® tablets.

168.    Apotex has actual knowledge of the '739 Patent.

169.    The WEGOVY® Label identifies the active ingredient as semaglutide and the inactive ingredients as SNAC and magnesium stearate for WEGOVY® tablets.

170.    The WEGOVY® Label instructs physicians, prescribers, and/or patients that WEGOVY® tablets are to be administered once daily by oral tablet.

171.    The WEGOVY® Label instructs physicians, prescribers, and/or patients that "WEGOVY is a glucagon-like peptide-1 (GLP-1) receptor agonist" and "WEGOVY tablets are indicated in combination with a reduced calorie diet and increased physical activity" "[t]o reduce

the risk of major adverse CV events (CV death, non-fatal myocardial infarction, or non-fatal stroke) in adults with established CV disease and either obesity or overweight" and "[t]o reduce excess body weight and maintain weight reduction long term in adults with obesity, or in adults with overweight in the presence of at least one weight-related comorbid condition."

172.   The WEGOVY® Label instructs physicians, prescribers, and/or patients to administer WEGOVY® tablets according to a dose escalation schedule that includes initiating a dosage of 1.5 mg of semaglutide once daily for 30 days, increasing the dosage to 4 mg once daily for the next 30 days, then increasing the dosage to 9 mg once daily for the next 30 days, and then increasing the dosage to 25 mg once daily.

173.   The WEGOVY® Label states that the half-life of semaglutide is approximately one week.

174.   The use of WEGOVY® tablets in accordance with the WEGOVY® Label is covered by at least claim 1 of the '739 Patent.

175.   Thus, the use of any corresponding generic semaglutide tablets in accordance with the WEGOVY® Label is covered by at least claim 1 of the '739 Patent.

176.   On information and belief, Apotex's ANDA essentially copies the WEGOVY® Label, including as required by FDA, *see* 21 C.F.R. § 314.94(a)(8)(iv), and therefore instructs, recommends, encourages, promotes, and/or suggests that physicians, prescribers, and/or patients infringe at least claim 1 of the '739 Patent.

177.   On information and belief, if Apotex's ANDA is approved, physicians, prescribers, and/or patients will follow the instructions in the proposed label for Apotex's ANDA Product and thereby infringe at least claim 1 of the '739 Patent.

178. WEGOVY® tablets and any corresponding generic semaglutide tablets are not staple articles of commerce and have no substantial approved uses that do not infringe at least claim 1 of the '739 Patent. On information and belief, Apotex's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 1 of the '739 Patent.

179. Apotex has infringed at least claim 1 of the '739 Patent under 35 U.S.C. § 271(e)(2)(A) by its submission of Apotex's ANDA to FDA seeking to obtain approval for Apotex's ANDA Product, which is covered by at least claim 1 of the '739 Patent, before the expiration of the '739 Patent.

180. On information and belief, if Apotex's ANDA is approved, Apotex will make, use, offer for sale, sell, distribute, and/or import Apotex's ANDA Product in a manner that, when used in accordance with the instructions of the proposed label for Apotex's ANDA Product, would directly infringe, induce infringement, and/or contribute to infringement of at least claim 1 of the '739 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

181. Novo Nordisk seeks an order requiring that Apotex amend its Paragraph IV Certification in Apotex's ANDA to a Paragraph III Certification as to the '739 Patent, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3).

182. Novo Nordisk seeks an order declaring that Apotex has infringed at least claim 1 of the '739 Patent by submitting Apotex's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

183. Novo Nordisk seeks an order declaring that Apotex will infringe at least claim 1 of the '739 Patent by commercially manufacturing, using, offering to sell, selling, distributing, and/or importing Apotex's ANDA Product before the expiration of the '739 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

184.    Novo Nordisk seeks an order pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA be a date that is not earlier than the expiration of the '739 Patent or any later expiration of extensions, adjustments, and exclusivities for the '739 Patent to which Novo Nordisk becomes entitled.

185.    Novo Nordisk will be irreparably harmed if Apotex is not enjoined from infringing, actively inducing the infringement of, and/or contributing to the infringement of at least claim 1 of the '739 Patent.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, Novo Nordisk is entitled to a permanent injunction against further infringement.  Novo Nordisk does not have an adequate remedy at law.

186.    On information and belief, Apotex's Detailed Statement setting forth the purported factual and legal bases for its opinion regarding infringement and validity of the '739 Patent is devoid of an objective good faith basis in the facts or the law.

187.    This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

188.    To the extent Apotex commercializes Apotex's ANDA Product prior to the expiration of the '739 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. §§ 271(e)(4)(C) and 284.

### COUNT VII
### (INFRINGEMENT OF THE '953 PATENT)

189.    The allegations above are incorporated herein by reference.

190.    Apotex submitted Apotex's ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '953 Patent, and any extensions thereof.

191.    The Notice Letter states that Apotex's ANDA was submitted to obtain approval to commercially manufacture, use, offer to sell, sell, distribute, and/or import Apotex's ANDA Product before the expiration of the '953 Patent.  The Notice Letter represents that Apotex's ANDA was submitted with a Paragraph IV Certification that the '953 Patent is "invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, sale, offer for sale, and/or importation of the drug products" described in Apotex's ANDA.

192.    The '953 Patent is listed in the Orange Book for WEGOVY® tablets.

193.    Apotex has actual knowledge of the '953 Patent.

194.    The WEGOVY® Label provides that WEGOVY® tablets are for oral use.

195.    The WEGOVY® Label identifies the active ingredient as semaglutide and the inactive ingredients as SNAC and magnesium stearate for WEGOVY® tablets.

196.    The WEGOVY® Label states that each tablet of WEGOVY® contains multiple dosage strengths, including dosage strengths with 1.5 mg, 4 mg, or 9 mg of semaglutide.

197.    WEGOVY® tablets are covered by at least claim 1 of the '953 Patent.

198.    Thus, any corresponding generic semaglutide tablets are covered by at least claim 1 of the '953 Patent.

199.    On information and belief, Apotex's ANDA essentially copies the WEGOVY® Label and the WEGOVY® tablet composition, including as required by FDA, *see* 21 C.F.R. §§ 314.94(a)(5), 314.94(a)(8)(iv), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

200.    On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product has the same strengths as WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R.

§ 314.94(a)(6), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

201. On information and belief, Apotex's ANDA will purport to show that Apotex's ANDA Product is bioequivalent to WEGOVY® tablets (1.5 mg, 4 mg, 9 mg), *see* 21 C.F.R. § 314.94(a)(7), and as such, the composition of Apotex's ANDA Product is identical or substantially identical to that of WEGOVY® tablets (1.5 mg, 4 mg, 9 mg).

202. Apotex has infringed at least claim 1 of the '953 Patent under 35 U.S.C. § 271(e)(2)(A) by its submission of Apotex's ANDA to FDA seeking to obtain approval for Apotex's ANDA Product, which is covered by at least claim 1 of the '953 Patent, before the expiration of the '953 Patent.

203. On information and belief, if Apotex's ANDA is approved, Apotex will make, use, offer for sale, sell, distribute, and/or import Apotex's ANDA Product in a manner that would directly infringe at least claim 1 of the '953 Patent under 35 U.S.C. § 271(a).

204. Novo Nordisk seeks an order requiring that Apotex amend its Paragraph IV Certification in Apotex's ANDA to a Paragraph III Certification as to the '953 Patent, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3).

205. Novo Nordisk seeks an order declaring that Apotex has infringed at least claim 1 of the '953 Patent by submitting Apotex's ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

206. Novo Nordisk seeks an order declaring that Apotex will infringe at least claim 1 of the '953 Patent by commercially manufacturing, using, offering to sell, selling, distributing, and/or importing Apotex's ANDA Product before the expiration of the '953 Patent under 35 U.S.C. § 271(a).

207.   Novo Nordisk seeks an order, pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA be a date that is not earlier than the expiration of the '953 Patent or any later expiration of extensions, adjustments, and exclusivities for the '953 Patent to which Novo Nordisk becomes entitled.

208.   Novo Nordisk will be irreparably harmed if Apotex is not enjoined from infringing at least claim 1 of the '953 Patent.  Pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, Novo Nordisk is entitled to a permanent injunction against further infringement.  Novo Nordisk does not have an adequate remedy at law.

209.   On information and belief, Apotex's Detailed Statement setting forth the purported factual and legal bases for its opinion regarding infringement and validity of the '953 Patent is devoid of an objective good faith basis in the facts or the law.

210.   This case is exceptional, and Novo Nordisk is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

211.   To the extent Apotex commercializes Apotex's ANDA Product prior to the expiration of the '953 Patent, Novo Nordisk will also be entitled to damages under 35 U.S.C. §§ 271(e)(4)(C) and 284.

## PRAYER FOR RELIEF

WHEREFORE, Novo Nordisk respectfully requests that this Court enter judgment in their favor against Apotex and grant the following relief:

A.   A judgment that Apotex has infringed one or more claims of each of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA Apotex's ANDA, including any amendments or supplements thereof, to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, and/or importation into the United States of Apotex's ANDA Product

before the expiration of the Asserted Patents, or any later period of exclusivity to which Novo Nordisk is or may become entitled;

B.    A judgment declaring that Apotex will directly infringe, contribute to the direct infringement of, and/or induce the direct infringement of one or more claims of each of the Asserted Patents under 35 U.S.C. §§ 271(a), (b), and/or (c) if it markets, manufactures, uses, offers for sale, sells, distributes in, and/or imports into the United States Apotex's ANDA Product before the expiration of the Asserted Patents, or any later period of exclusivity to which Novo Nordisk is or may become entitled;

C.    An order requiring that Apotex amend its Paragraph IV Certification to a Paragraph III Certification as to the Asserted Patents, as provided in 21 C.F.R. § 314.94(a)(12)(i)(A)(3);

D.    An order, pursuant to 35 U.S.C. § 271(e)(4)(A), providing that the effective date of any FDA approval of Apotex's ANDA for Apotex's ANDA Product be a date that is not earlier than the latest date of the expiration of the Asserted Patents or any later period of exclusivity to which Novo Nordisk is or may become entitled;

E.    An order, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, enjoining Apotex, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them, from infringing the Asserted Patents and/or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, and/or importation of any current or future versions of the product described in Apotex's ANDA, before the expiration of the Asserted Patents, including any applicable extensions, adjustments, and exclusivities;

F.    If Apotex commercially manufactures, uses, offers to sell, sells, or distributes in the United States and/or imports into the United States the ANDA Product prior to the expiration of

34

the Asserted Patents, including any applicable extensions, adjustments, and exclusivities, a judgment pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284 awarding Novo Nordisk monetary relief, together with an assessment of pre-judgment and post-judgment interest;

G.    An award to Novo Nordisk of its attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

H.    An award to Novo Nordisk of its costs and expenses in this action; and

I.    Such other and further relief as this Court may deem just and proper.

Dated:  June 4, 2026

/s/ *Liza M. Walsh*

OF COUNSEL (*pro hac vice* forthcoming):

Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

Nicholas Groombridge
Peter Sandel
Jenny Wu
Daniel J. Klein
Joshua Reich
Ariella C. Barel
GROOMBRIDGE, WU, BAUGHMAN
    & STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
(332) 269-0030

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

Joshua Rosefelt
Alyssa Ertel
GROOMBRIDGE, WU, BAUGHMAN
    & STONE LLP
801 17th Street, NW, Suite 1050
Washington, DC 20006
(202) 505-5830

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I hereby certify that, to the best of my knowledge, the matter in controversy in this action is related to the following pending litigation in this District, wherein the '123, '923, '499, '957, '248, '739, and '953 Patents have been asserted against Defendant:

*Novo Nordisk Inc. et al. v. Apotex Inc.*, No. 24-9729-RMB-AMD (D.N.J.) (consolidated)

I hereby certify that, to the best of my knowledge, other than the above-listed proceedings, the matter in controversy is not the subject of or related to any other pending litigations in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action.

Dated:  June 4, 2026

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas Groombridge
Peter Sandel
Jenny Wu
Daniel J. Klein
Joshua Reich
Ariella C. Barel
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
(332) 269-0030

Joshua Rosefelt
Alyssa Ertel
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
801 17th Street, NW, Suite 1050
Washington, DC 20006
(202) 505-5830

/s/ *Liza M. Walsh*
Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

36

## LOCAL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, *inter alia*, injunctive relief.

Dated:  June 4, 2026

OF COUNSEL (*pro hac vice* forthcoming):

Nicholas Groombridge
Peter Sandel
Jenny Wu
Daniel J. Klein
Joshua Reich
Ariella C. Barel
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
(332) 269-0030

Joshua Rosefelt
Alyssa Ertel
GROOMBRIDGE, WU, BAUGHMAN
   & STONE LLP
801 17th Street, NW, Suite 1050
Washington, DC 20006
(202) 505-5830

/s/ *Liza M. Walsh*

Liza M. Walsh
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Novo Nordisk Inc. and
Novo Nordisk A/S*